NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4160
_____

MINARD RUN OIL COMPANY;
PENNSYLVANIA INDEPENDENT OIL AND GAS ASSOCIATION;
ALLEGHENY FOREST ALLIANCE;
COUNTY OF WARREN, PENNSYLVANIA

v.

UNITED STATES FOREST SERVICE, an agency of the U.S. Department of
Agriculture; ABIGAIL R. KIMBELL, in her official capacity as Chief of the U.S. Forest
Service; KENT P. CONNAUGHTON, in his official capacity as Regional Forester for
the U.S. Forest Service, Eastern Region; LEANNE M. MARTEN, in her official capacity
as Forest Supervisor for the Allegheny National Forest;
ATTORNEY GENERAL UNITED STATES OF AMERICA;
FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS;
ALLEGHENY DEFENSE PROJECT; SIERRA CLUB

ALLEGHENY DEFENSE PROJECT; SIERRA CLUB,
                                                           Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-09-cv-00125)
District Judge: Honorable Sean J. McLaughlin

_____

Argued on September 11, 2013

(Opinion Filed: September 26, 2013)

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

Marianne G. Dugan, Esquire  **(Argued)**
259 East 5th Avenue
Eugene, OR   97401
                    Counsel for Appellants


J. Michael Klise, Esquire
R. Timothy McCrum, Esquire  **(Argued)**
Thomas R. Lundquist, Esquire
Providence Spina, Esquire
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N. W.
Washington, DC   2004-2505

Steven J. Lechner, Esquire
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, CO   80227

Matthew L. Wolford, Esquire
638 West Sixth Street
Erie, PA   16507
                    Counsel for Appellees

---

O P I N I O N

---

**RENDELL**, Circuit Judge:

The Allegheny Defense Project and Sierra Club (collectively "Appellants") appeal from the District Court's order granting summary judgment for the Minard Run Oil Company and Pennsylvania Independent Oil and Gas Association (collectively "Appellees"), essentially converting a preliminary injunction into a declaratory judgment. The issue raised on appeal is whether the District Court properly applied the law of the

2

case doctrine to preclude arguments raised by Appellants in their cross-motion for summary judgment. For the reasons that follow, we will affirm the District Court's order.

## I.

This case arises from a dispute over the split-estate property rights of the federal surface owner and private mineral rights owners in the Allegheny National Forest ("ANF"). The facts of the case have already been extensively detailed in preceding opinions, so we will only summarize facts relevant to this appeal.

The United States acquired the surface estates that now constitute the ANF pursuant to the Weeks Act of 1911. While the U.S. Forest Service ("the Service") manages the surface of the ANF, the mineral rights in most of the ANF are privately owned. From 1980 until recently, the Service and private mineral rights owners utilized a cooperative process to manage access to and use of the surface to drill for oil and gas. Sixty days prior to any planned drilling, mineral rights owners would provide notice to the Service, and the Service would then issue a Notice to Proceed ("NTP"), acknowledging receipt of the owners' notice and memorializing any agreements relating to the planned drilling. In 2008, a number of environmental groups, including the Sierra Club, filed a lawsuit against the Service, stating that its policy of issuing NTPs constituted a "major federal action[] significantly affecting the quality of the human environment," under the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4332(c), and that therefore an NTP could not lawfully be issued before the appropriate environmental analysis under NEPA (an environmental impact study, or "EIS") was conducted. In 2009, the parties to that litigation entered into a Settlement

Agreement, requiring that the Service conduct the appropriate NEPA analysis prior to issuing further NTPs. Subsequently, the Service issued a statement to oil and gas companies operating in the forest, stating that no new drilling would be authorized until the forest-wide EIS was completed.

In June 2009, mineral rights owners, including Appellees, filed a complaint in the District Court arguing that the de facto ban on drilling in the ANF exceeded the authority of the Service because a NEPA analysis was not required as a matter of law. The District Court granted their motion for a preliminary injunction, and on appeal, we affirmed in a precedential opinion. *See Minard Run Oil Co. v. U.S. Forest Service*, No. 09-125, 2009 WL 4937785 (W.D. Pa. Dec. 15, 2009) ("*Minard Run II*"); *Minard Run Oil Co. v. U.S. Forest Service*, 670 F.3d 236 (3d Cir. 2012) ("*Minard Run III*"). We reasoned that: (1) under the Weeks Act, both outstanding and reserved private mineral rights are subject to federal control only to the extent Service regulations are contained in the written instrument of conveyance; (2) the issuance of an NTP is, therefore, not a major federal action under NEPA; and (3) consequently, an EIS need not be completed prior to issuing an NTP. *Minard Run III*, 670 F.3d at 251-52, 254.

Thereafter, the mineral rights owners moved for summary judgment in the case before the District Court, requesting entry of judgment in their favor, conversion of the preliminary injunction order into a final declaratory judgment, and a permanent injunction against the Service. Appellants filed a cross-motion for summary judgment seeking vacation of the preliminary injunction order and judgment in their favor. The District Court granted the mineral rights owners' motion in part (it denied the request for

4

a permanent injunction), concluding that the arguments advanced by Appellants were "precluded by the application of the law of the case doctrine and/or otherwise lack[ed] merit" because our prior opinion had decided the very issue before it. *Minard Run Oil Co. v. U.S. Forest Service*, 894 F. Supp. 2d 642, 654 (W.D. Pa. 2012) ("*Minard Run IV*"). The Court vacated the Settlement Agreement, and converted its preliminary injunction order into a final declaratory judgment on the merits. It is this order that is challenged on appeal.

## II.

Appellants argue that, for three reasons, the District Court improperly applied the law of the case doctrine to this Court's ruling in *Minard Run III* : (1) the Court did not provide the parties with notice that its ruling on the preliminary injunction motion would reach the merits; (2) in general, a decision on a preliminary injunction does not constitute the law of the case for purposes of the merits since the standard for a preliminary injunction is "likelihood of success," not actual success; and (3) the *Minard Run III* panel only reached the merits on the specific question of whether the Service's moratorium was required by NEPA and consistent with the APA. Finally, Appellants argue that even if the law of the case doctrine is applicable to *Minard Run III*, an exception applies as "reconsideration is necessary to prevent clear error or manifest injustice." Appellants' Br. at 54 (quoting *ACLU v. Mukasey*, 534 F.3d 181, 188 (3d Cir. 2008) (internal quotation marks omitted)). These arguments are unavailing.

With respect to Appellants' first and second arguments, the District Court properly considered our holdings in *ACLU v. Mukasey*, and *Pitt News v. Pappert*, 379 F.3d 96 (3d

5

Cir. 2004), in determining that the *Minard Run III* court had not stopped its analysis after concluding that Plaintiff-Appellees were likely to succeed on the merits of the preliminary injunction, but instead had decisively resolved the legal claims presented on appeal. *See Minard Run IV*, 894 F. Supp. 2d at 653-54. In *Pitt News*, we clearly stated:

> [A]lthough a panel entertaining a preliminary injunction appeal generally decides only whether the district court abused its discretion in ruling on the request for relief and generally does not go . . . any farther than is necessary to determine whether the moving party established a likelihood of success, a panel is not always required to take this narrow approach. If a preliminary injunction appeal presents a question of law and the facts are established or of no controlling relevance, the panel *may* decide the merits of the claim.

379 F.3d at 104-105 (citations and internal quotation marks omitted). This principle was reaffirmed in *Mukasey*, where we expressly held that portions of a decision on an appeal of a preliminary junction had in fact reached the merits of the underlying claim. 534 F.3d at 188-90. To the extent that Appellants argue that they were not given adequate notice that the decision on the motion for a preliminary injunction would reach the merits, *Mukasey* and *Pitt News* served as notice that this was a real possibility.[1]

---

[1] Appellants state that the District Court frustrated the purpose of Rule 65(a)(2) of the Federal Rules of Civil Procedure in failing to provide notice that it was transforming a preliminary injunction proceeding into summary judgment. Appellants' Br. at 50-51. First, the District Court did not transform the preliminary injunction hearing into a hearing on summary judgment. The District Court, in applying the law of the case in *Minard Run IV*, did not state that it had reached the merits of the claims in its consideration of the preliminary injunction; it held that the this Court had done so on the appeal in *Minard Run III*. Second, Rule 65(a)(2) describes courts' right to consolidate a trial on the merits with a hearing on a preliminary injunction. The Rule makes no mention of summary judgment, rather it emphasizes that courts must preserve any party's right to a jury trial. In reaching the merits of the claims presented, this Court acted squarely within the bounds of its authority, particularly given the extensive briefing and hearings spanning several months that had taken place.

6

Furthermore, these opinions provided notice that such a decision would have binding effect on decisions by subsequent panels.  In *Pitt News*, we stated, "[I]f the first panel does not stop at the question of likelihood of success and instead addresses the merits, the later panel, in accordance with our Court's traditional practice, should regard itself as bound by the prior panel opinion." 379 F.3d at 105 (referring to the law of the case and Third Circuit Internal Operating Procedure 9.1).[2]  Any conclusions as to the merits of Appellants' claims reached by the *Minard Run III* panel are binding upon this Court since the panel made a precedential ruling.

This brings us to the question raised by Appellants' third argument, which is: what conclusions on the merits did the *Minard Run III* panel actually reach? Appellants argue that the only conclusion on the merits, rather than on the likelihood of success, that the Court reached was that the Service's *moratorium* on issuing NTPs, specifically, was unlawful. Appellants' Br. at 53. Appellants seem to suggest that if the panel wished to rule on the merits on any other legal issues, it should have explicitly stated its intention to do so. This simply is not required of the Court. The panel in *Minard Run III* could not have been more clear in indicating that it was not stopping its analysis after concluding that Appellees were likely to succeed on the merits of their preliminary injunction, but rather was ruling on the underlying legal claims.

---

[2] Third Circuit Internal Operating Procedure 9.1 reads, "It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so." Though the District Court was not bound by Internal Operating Procedure 9.1, this Court undoubtedly is.

We will not repeat Judge McLaughlin's thorough analysis of the binding effect of the *Minard Run III* opinion, but will merely add that Appellants in their briefing, appear to concede that the Court reached the merits on other legal claims. For example, Appellants state, "The district court and this Court's preliminary [injunction] ruling properly found that the USFS's moratorium was unreasonable and illegal. By going further, both rulings unnecessarily and improperly construed the Weeks Act as restricting USFS's ability to reasonably regulate access to the surface in order to protect the federal estate." Appellants' Br. at 21-22. To call the Court's construction of the Weeks Act unnecessary, or to imply that it was dicta, is essentially to claim that a court may never actually reach the merits at the preliminary injunction stage. That is not the case. *Cf. Thornburgh v. Am. Coll. of Obstetricians & Gynecologists*, 476 U.S. 747, 756-57 (1986), *overruled on other grounds, Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833 (1992); *Pitt News*, 379 F.3d at 104-05.

In their cross-motion for summary judgment, Appellants pointed to legislative history and state law which was not presented at the preliminary injunction stage. They also directed the District Court to reconsider the *Minard Run III* panel's interpretation of a number of cases including *Kleppe v. New Mexico*, 426 U.S. 529 (1976) and *United States v. Srnsky*, 271 F.3d 595 (4th Cir. 2001). These arguments could have been raised earlier and are precisely the kinds of arguments precluded from consideration under the

law of the case.[3] Accordingly, the District Court did not need to address these arguments unless an exception to the doctrine applied.[4]

We may revisit a legal question which has already been resolved where any of the following "extraordinary circumstances" exist: "'(1) there has been an intervening change in the law; (2) new evidence has become available; or (3) reconsideration is necessary to prevent clear error or a manifest injustice.'" *Mukasey*, 534 F.3d at 188 (quoting *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999)). Appellants contend that the third exception to the application of the law of the case is implicated here. They state that this Court's ruling that Section 9 of the Weeks Act provides that reserved mineral rights are subject *only* to regulations in the instrument of conveyance, was clearly erroneous. In *Minard Run III*, however, Judge Roth provided ample reasoning for the Court's statutory interpretation, which Judge McLaughlin quoted at length in *Minard Run IV*. *See Minard Run IV*, 894 F. Supp. 2d at 657-58 (quoting *Minard Run III*, 670 F.3d at 251-52). To the extent that Appellants simply disagree with the

---

[3] Appellants also suggest that they have further developed the factual record by presenting deeds containing different language than the 1911 rules and regulations previously considered by this Court, but these deeds do not change the binding effect of our prior interpretation of the reserved rights. Our determination that the 1911 regulations were the standard version of the rules contained in the deeds remains uncontradicted. *See Minard Run III*, 670 F.3d at 254 n.12. As stated by Judge McLaughlin in *Minard Run IV*, "the Third Circuit has already determined as a matter of law that the 1911 rules and regulations contained in the ANF deeds do not provide the federal government with the broad regulatory authority claimed by the . . . Defendants." 894 F. Supp. 2d at 663.

[4] Appellants argue that the fact that the District Court selectively applied the law of the case doctrine in *Minard Run IV*, sometimes addressing the merits of Appellants' claims, shows that the law of the case was not applicable at all. This argument is unconvincing; the District Court did not *need* to address any of the new arguments presented by Appellants, but in doing so merely emphasized its agreement with the conclusions reached in *Minard Run III*.

conclusion reached, they could have sought en banc review. This panel will not disturb the well-reasoned legal conclusion reached by the prior panel.

## III.

Because we find that Judge McLaughlin properly applied the law of the case to this Court's opinion in *Minard Run III*, we will affirm the District Court's order.